**Agnes G. Balasa, Appellee, v. Frank A. Balasa, Appellant.**

**Gen. No. 46,806.**

First District, First Division.
June 21, 1956.
Released for publication September 12, 1956.

Sol R. Friedman & I. S. Friedman, of Chicago, for appellant.

Nudelman, Malkin & Nudelman, of Chicago, for appellee; Oscar M. Nudelman, and Harold M. Nudelman, both of Chicago, of counsel.

JUDGE BURKE delivered the opinion of the court.

Agnes Dohnal and Frank Balasa were married on April 10, 1937. They separated on December 7, 1944. No children were born of the marriage. She was the mother of two children by a former husband and he was the father of two children by a former wife. On January 6, 1947, she filed an amended complaint for divorce in the Superior Court of Cook county. On February 26, 1947, a decree was entered dissolving the marriage on the ground of desertion. Pursuant to a property settlement agreement the decree directed the defendant to convey to plaintiff by quit claim deed his interest in farm land in Sawyer county, Wisconsin, and to deliver to her certain furniture, cash in the amount of $600, the sum of $125 for her attorney's fees, $125 for one glass eye and one plastic eye theretofore furnished to her, and that he pay her the sum of $150 on the first day of July of each year thereafter for the purchase of plastic eyes. The decree directed that the two minor children of the defendant remain in the custody of plaintiff and that he pay to her as and for her alimony, support and maintenance and the support and

104

maintenance of his two minor children the sum of $30 per week.

In 1951 plaintiff filed a petition to enforce the provisions of the decree. In an answer the defendant stated that the decree "in so far as alimony is concerned" became "inoperative on account of the remarriage of the plaintiff." The matter was referred to a master in chancery to take evidence and report his conclusions of law and fact. On May 31, 1951, the court entered an agreed order directing that the decree be modified to provide that the defendant pay to the plaintiff $1,150 for all sums past due thereunder and the sum of $150 per year on the first day of July of each year beginning July 1, 1952, as and for the plastic eyes for the plaintiff "and shall receive a receipt from the doctor to whom said sum is paid." The order stated that plaintiff be barred from making any other or further claim against defendant under the decree.

On March 22, 1955, plaintiff filed a petition stating that defendant failed to make the payments of $150 each year for plastic eyes for the years 1953 and 1954. The petition asserts that she needs one plastic eye for use in the daytime and one for use in the nighttime. She asks that the defendant be ordered to pay the sum of $300 so due her by the terms of the decree and for such other and further relief as the circumstances may require. In an answer and counterpetition the defendant states that plaintiff "remarried about five years ago" and that the order of $150 per year, being in the nature of maintenance for the plaintiff, should be declared null and void in accordance with Sec. 18 of the Divorce Act. He asks that the petition be dismissed. Plaintiff's answer to the counterpetition says that the provision for the payment of $150 per year for the purchase by her of plastic eyes was "in the nature of a property settlement" and should not be considered "in the nature of maintenance" for her. The court heard the matter on the petition, answer and counterpetition

105

and the answer thereto and decreed that the prayer of the counterpetition be denied, that defendant pay to plaintiff forthwith the sum of $300 and that her prayer for attorney's fees be denied. Defendant appeals.

■■ Alimony arises out of the marital relation and is founded on the natural and legal duty of the husband to support the wife. The award of money for the plastic eyes is for an indefinite period of time and for an indefinite total sum. It is to be paid out of the husband's income. Each installment cannot vest until it becomes due. The $150 annually for the plastic eyes comes within the category of a medical expense. This periodic payment cannot be denominated a property settlement.

Section 18 of the Divorce Act (Par. 19, Ch. 40, Ill. Rev. Stat. 1955) provides that a party shall not be entitled to alimony and maintenance after remarriage, and the defendant insists that under this provision the court erred in refusing to sustain his position that the annual payments for the plastic eyes should be discontinued after her remarriage. The plaintiff meets this challenge by pointing out that the defendant consented to the entry of the agreed order of 1951 and by citing cases that a party who approves or consents to the entry of a decree loses the right to review. Plaintiff asserts that to allow the instant appeal would in effect allow an appeal from an agreed order, calling attention to the fact that the order appealed from goes no further than to enforce the agreed order of 1951.

In Stillman v. Stillman, 99 Ill. 196, the Supreme Court in affirming an order of the Circuit Court modifying a divorce decree in such a manner as to absolve the defendant from further payment of alimony and in lieu thereof decreeing that henceforth he pay his former wife $1 annually, said that "it would be difficult to suggest or conceive any cause that would present grounds more 'reasonable and proper' for suspending further payment of alimony than the subsequent

marriage of the divorced wife"; that "it is unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband, and an obligation from a present husband for an adequate support at the same time"; that "it is her privilege to abandon the provision the decree of the court made for her support under the sanctions of the law, for another provision for maintenance which she would obtain by a second marriage, and when she has done so the law will require her to abide her election"; that "it is a matter that affects her own happiness, and about which she is perfectly free and competent to make a choice. Whether she acts wisely in her election, or whether in every instance she obtains as good or as adequate a support by her marriage as that which she abandoned, are questions about which courts can have no concern. It is a matter of her own voluntary election."

In Adler v. Adler, 373 Ill. 361, the court said (at p. 373):

"Prior to the amendment, the general rule adopted by the courts was, that remarriage of a woman, who was receiving alimony from her former husband, was such a change of condition as to authorize a modification of the decree to the extent of canceling the alimony payments. [Citing cases] The amendment merely adopted the general rule and made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried, regardless of whether or not there had been a change in the financial condition of the former husband."

In Miller v. Miller, 317 Ill. App. 447, the parties entered into an agreement about alimony and property rights, a copy of which was made a part of the decree. The agreement provided that the payments of alimony should not be affected by the remarriage of the wife. She remarried. The chancellor entered an order finding

107

that the decree was not for "lump sum" payments in lieu of alimony but a decree for monthly alimony payments and that she was not entitled to any further payments after her remarriage. In affirming the order we said (at p. 451):

"In the instant case, the amendment to Sec. 18 made it mandatory for the court to cancel the alimony payments after the remarriage of the plaintiff; and the provision of the agreement entered into between the parties, which was made a part of the decree and which provided that the remarriage should not affect the monthly payments, was a nullity."

■■ The 1951 decree was entered by agreement of the parties and at that time the defendant knew that his former wife had remarried. Plaintiff says that to allow an appeal from the 1955 order would be to allow defendant to break his agreement (contained in the 1951 decree) by indirection, that the defendant could not appeal the 1951 decree because it was entered with his consent and cannot now appeal an order which merely enforces that decree. The defendant would be bound by the agreement he made in 1951 unless that agreement be against public policy. The public policy of this state is found in the Constitution, the statutes and the decisions of the courts. Section 18 of the Divorce Act states that a party shall not be entitled to alimony and maintenance after remarriage. The Adler case said that this amendment made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried regardless of whether or not there had been a change in the financial condition of the former husband. In the Miller case we held that the provision of the agreement between the parties, which was made a part of the decree, that the remarriage should not affect the monthly payments was a nullity. We are satisfied that the provision of the consent decree of 1951 that the defendant shall pay for the

two plastic eyes of the plaintiff each year violates the public policy of this state in requiring payment of alimony and maintenance after remarriage and is therefore a nullity. For that reason the decree of the Superior Court of Cook county entered May 5, 1955, is reversed.

Decree reversed.

FRIEND, P. J. and NIEMEYER, J., concur.