**Barbara Kozak, Formerly Known as Barbara Tucker, Respondent-Appellant, v. Richard Tucker, Petitioner-Appellee.**

Gen. No. 52,898.

First District, Fourth Division.

September 3, 1969.

Arthur Abraham, of Chicago, for appellant.

Ernest K. Koehler, of Chicago, for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

Petitioner filed a petition on October 16, 1967, for rule to show cause as to why respondent should not be held in contempt for failure to comply with an agreement between the parties which was incorporated in a divorce decree entered September 10, 1962. Respondent appeals from an order of court directing that respondent conform to the agreement. The agreement pertained to alimony, support, custody, fees and all claims, demands and rights of the parties in their respective personal and real estates.

The petition set forth part of the agreement:

"5. Barbara agrees that immediately upon the death of her mother, Mrs. Mollie Rosen, she will create a trust and execute and deliver all documents required to create such trust. The trustee named shall be a corporate trustee with headquarters located in Chicago, Illinois. Barbara agrees to assign, pay and deliver to such trustee as the principal of the trust at least fifty percent (50%) of all money and property which Barbara receives upon the death of her mother, or as a consequence of such death, from the following sources: (a) the estate of her mother or under the terms of her mother's will; (b) any trust created by her mother; (c) the estate of or under the terms of the will of Harry L. Madorin, deceased; and (d) any trust created by Harry L. Madorin, deceased. Barbara agrees that said trust shall provide that the income shall be paid to her during her lifetime and upon her death the income and the principal shall be paid to the children of the parties hereto, in equal shares, and to their descendants, per stirpes."

Petitioner alleged that respondent wilfully failed and refused to comply with the foregoing in that the Estate of Mollye Rosen was opened October 16, 1962 and no trust had been created and the funds for said trust are being dissipated. Respondent filed an answer alleging that the will of Mollye Rosen, the mother of respondent who died on October 4, 1962, leaves a far more substantial share to the two children of petitioner and respondent than respondent would be required to leave said children under the trust to be created under the terms of the divorce decree. The answer also stated that respondent had executed a trust agreement, a copy of which was attached. It provided for distribution of the trust estate upon her death to her three children (two of whom were the children of her marriage to petitioner and one the offspring of respondent and her present husband). It also provided that the distributable property be "subject however to any pledges or assignments heretofore made of said property." The answer prayed that the court examine and approve said trust agreement with the LaSalle National Bank, as trustee, and that the court adjudge, determine and decree that the respondent has in all respects complied with the terms of the agreement incorporated in the decree of divorce.

At the hearing no evidence was adduced by either party but petitioner argued that the trust agreement did not conform to the decree and that more than 50% of the trust might be withdrawn before the time of distribution. Respondent contends that since the two children of the parties would receive a more substantial share, an order requiring her to comply becomes "mere nonsense."

The court found that the trust was not in conformance with the agreement incorporated in the decree and ordered respondent to comply. The order also stated:

[T]his is not intended to limit the share of any trust created but rather to place a minimum upon the

amount allotted to the children. Said 50% shall not be reduced by any pledges or assignments after the date of the death of Mollye Rosen.

The court properly ordered the respondent to take steps necessary to conform to paragraph 5 of the agreement incorporated in the divorce decree.

Respondent also appeals from the order granting petitioner's counsel the sum of $100 as attorney's fees. The argument is that this payment should not have been ordered since petitioner owed respondent $10,000 but there is nothing in the record to indicate any such debt. We find no error in this order.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.