JOHN VINCI, JR. *et al.,* Plaintiffs-Appellees, *v.* SAMUEL VINCI *et al.,* Defendants-Appellants.

(No. 54444; ▮▮▮▮▮▮

First District—November 23, 1970.

Ordower & Ordower, of Chicago, for appellants.

Petit, Safeblade, Littlejohn & Glass, of Chicago, for appellees.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal and cross appeal from a decree of the Circuit Court of Cook County which impresses a trust, on the interest of John Vinci and of those claiming through him in property located at the northeast corner of the intersection of Golf Road and Milwaukee Avenue in Des Plaines, Illinois (hereafter referred to as the Golf Road property).

Florence Vinci was divorced from John Vinci on January 25, 1963. Prior to the divorce they negotiated a property settlement agreement which was incorporated into the divorce decree. Paragraphs B(1), B(2), and B(3) concern the Golf Road property and provide in relevant part:

"B. That the disposition of property rights is hereby decreed as follows:

(1) With reference to the property at the Northeast corner of Golf Road and Milwaukee Avenue, Des Plaines, Illinois, * * * title is decreed in the Counter Plaintiff, Florence Vinci, exclusively, free

of any rights of the Counter Defendant, whether dower, homestead or otherwise, provided that she pay to the Counter Defendant, John Vinci, within thirty (30) days from the date of this Decree, the sum of Four Hundred Thirty Seven Thousand Five Hundred ($437,500.00) Dollars in cash and her promissory note in the sum of Two Hundred Sixty Two Thousand Five Hundred ($262,500.00) Dollars * * *

In the event, however, that the Counter Plaintiff, Florence Vinci, shall fail to comply with the above requirements within thirty (30) days from the date of this Decree, then in that event the Counter Plaintiff, Florence Vinci, shall then quit claim her entire interest in and to the above described premises to the Counter Defendant, John Vinci, and John Vinci shall then pay to the Counter Plaintiff the sum of Seven Hundred Thousand ($700,000.00) Dollars cash and title shall then be in the Counter Defendant, John Vinci, exclusively, free of any rights of Counter Plaintiff, whether dower, homestead, right of possession or otherwise, in the above described realty, except as hereinafter stated * * *

(2) In the event that the Counter Plaintiff retains title to the above described property, pursuant to this Decree, then the note of the Counter Plaintiff in the sum of Two Hundred Sixty Two Thousand Five Hundred ($262,500.00) Dollars secured by a mortgage or trust deed upon the above described premises shall be deposited by the Counter Defendant, John Vinci, in an irrevocable trust with La Salle National Bank, a National Banking Association, Trustee for the benefit of the children of John Vinci, to-wit: Samuel Vinci, Martin Vinci, Joseph Vinci, John Vinci, Jr. and Frank Vinci, in equal shares * * *

In the event that the Counter Defendant, John Vinci, retains title, then he shall direct the escrowee on the sale to pay out of the funds the sum of Two Hundred Sixty Two Thousand Five Hundred ($262,500.00) Dollars in cash in the La Salle National Bank, a national banking association, as above set forth.

(3) In the event the Counter-Defendant, John Vinci, is to retain the title to the above described property as above set forth in Paragraph 1 by the payment of the sum of Seven Hundred Thousand ($700,000.00) Dollars to the Counter Plaintiff and the placing of Two Hundred Sixty Two Thousand Five Hundred ($262,500.00) Dollars in cash in La Salle National Bank, a national banking association, it is the understanding of this Court that these sums of money are to be obtained from the proceeds of sale of the entire tract of land above described, and it is decreed that the said

Counter Defendant shall and he is hereby given a period of ninety (90) days in which to complete the sale of the property and obtain the necessary funds above required * * *."

Neither Florence Vinci nor John Vinci complied with the decree in regard to purchasing the property or in establishing the trust recited therein.

John Vinci died testate, a resident of California, on December 27, 1965. At the time of his death he owned the Golf Road property as a tenant in common with Florence Vinci. By the terms of his will which was duly probated, he devised and bequeathed his entire estate to Samuel Vinci, Martin Vinci, and Joseph Vinci, the children of his first marriage; and he specifically disinherited and disenfranchised John Vinci, Jr. and Frank Vinci, the children of his marriage to Florence Vinci.

Florence Vinci, John Vinci, Jr., and Frank Vinci, a minor, by his brother and next friend, John Vinci, Jr. instituted this action in equity against the administrator with the will annexed of the Estate of John Vinci and the devisees of the Gold Road property under the will of John Vinci to enforce the provisions of the January 25, 1963, divorce decree and to impress a trust on one quarter of the interest in the Golf Road property of John Vinci and of those claiming through him. The Circuit Court found that the equities were with the plaintiffs and decreed (1) that a trust be impressed upon the interest in the Golf Road property of John Vinci and those claiming through him to the extent of $262,500.00, (2) that the $262,500.00 trust *res* be realized from the sale of the Golf Road property and taken from the interest in the property of John Vinci and those claiming through him; (3) that the five children of John Vinci would be the beneficiaries of the trust and would have equal undivided shares; and (4) that the trusteee, the La Salle National Bank would have a lien on the interest in the Golf Road property of John Vinci and of those claiming through him pending the sale of the property.

We first consider the appeal of the defendants in which they contend "that any trust to be created had to be created from a sale of the property described in the Complaint for the sum of $700,000.00, when the sum of $262,500.00 in cash would have had to be placed in said trust from the sale proceeds, and that no sale having been accomplished, no trust was created, and that the Plaintiffs had no further interest in the property." In support of this contention the defendants point to the following language of paragraph B(3) of the divorce decree:

"* * * it is the understanding of this Court that these sums of money are to be obtained from the proceeds of sale of the entire tract of land above described, and it is decreed that the said Counter De-

fendant shall and he is hereby given a period of ninety (90) days in which to complete the sale of the property and obtain the necessary funds above required."

■■ The settlement provisions incorporated within a decree of divorce should be construed so as to give effect to the intention of the parties. *Schwartz v. Schwartz* (1966), 69 Ill.App.2d 128, 216 N.E.2d 505, Paragraph B(1) of the divorce decree provides two alternative dispositions of the Golf Road property. Title to the property was vested exclusively in Florence Vinci, provided that she paid to John Vinci within 30 days the sum of $437,500.00 in cash and gave him in addition her promissory note in the sum of $262,500.00 to be secured by a mortgage upon the property. In the event she failed to make the payment or deliver the note she would quitclaim her interest to John Vinci who would pay her $700,000.00 in cash.

Paragraph B(2) provides in relevant part that under either alternative disposition of the Golf Road property John Vinci would deposit $262,500.00 in trust for his five children. If Florence Vinci retained title to the entire property by paying cash and delivering her promissory note, John Vinci would deposit the note with the La Salle National Bank as trustee for his five children. If John Vinci retained title by paying Florence Vinci $700,000.00, he would direct the escrowee to pay to the La Salle National Bank as trustee for his five children $262,500.00 on the sale of the property. Paragraph B(3) provides in relevant part that John Vinci would be granted 90 days to obtain the funds to make the payments in compliance with the decree.

■■ We agree with the construction of the divorce decree made by the Circuit Court. The intent of the parties, as expressed in the property settlement agreement which was incorporated into the divorce decree, was that a trust for the benefit of John Vinci's five children would be impressed in the sum of $262,500.00 upon John Vinci's interest in the Golf Road property and that the *res* of the trust was to be realized from the sale of the property.

The language of paragraph B(3) of the divorce decree, relied upon by the defendants is an explanation of the 90 day grant of time to John Vinci to obtain funds. The language, when construed in the context of paragrahs B(1) and B(2) does not condition the creation of the trust upon the sale of the property to a particular party.

■■ The Circuit Court properly enforced the provisions of the property settlement agreement incorporated in the divorce decree by impressing a trust upon a portion of the interest in the Golf Road property of John Vinci and of those claiming through him. The Circuit Court did not lose its enforcement powers because the parties failed to comply with the

terms of the divorce decree. The Court has the power to enforce its decrees by requiring the parties to do what ought to be done. See *Kozak v. Tucker* (1969), 114 Ill.App.2d 294, 252 N.E.2d 773 and *Cunningham v. Lawrence* (1959), 16 Ill.2d 201, 157 N.E.2d 50.

The defendants contend that the evidence presented at trial does not justify the imposition of a constructive or a resulting trust on the Golf Road property. We agree with this contention and with the cases cited by the defendant, but these cases are inapposite to the case at bar. The property settlement agreement incorporated into the divorce decree provided expressly for the creation of a trust for the benefit of the five children of John Vinci. The Circuit Court in impressing a trust was not imposing a constructive or resulting trust, but was properly exercising its power to enforce its decrees.

We now turn to the cross appeal of the plaintiffs in which they contend that the Circuit Court should have taken into account any change in the value of the property since the entry of the original divorce decree or, alternatively should have awarded interest accrued since the entree of the decree.

■■ The Circuit Court was correct in impressing a trust for the specific sum of $262,500.00 and in disregarding fluctuations in the market value of the property. The property settlement agreement incorporated into the divorce decree provides specifically that the trust *res* would be $262,500.00. The decree gave the beneficiaries a specific sum and not an interest that would fluctuate along with the value of the property.

■■ We reject the contention that plaintiffs are entitled to an award of interest since the entry of the divorce decree. Interest on judgments is purely statutory and did not exist at common law. *Pinkstaff v. Pennsylvania Railroad Company* (1964), 31 Ill.2d 518, 202 N.E.2d 512. The statute does not apply to a creation of a trust in a divorce decree and the decree does not provide for interest.

For the foregoing reasons we affirmed the judgment of the Circuit Court.

Judgment affirmed.

MURPHY and ADESKO, JJ., concur.