JAMES R. WILSON, Plaintiff-Appellee, *v.* RESOLUTE INSURANCE CO., Defendant-Appellant.

(No. 70-136;

Second District—March 3, 1971.

Martenson & Donohue, of Rockford, (David L. Martenson, of counsel,) for appellant.

Roald A. Jacobsen, of Rockford, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff's eighteen year old son had an accident with the family automobile. Plaintiff's insurance policy defined "insured" in such a manner as to include the son, and stated that the policy embodied all agreements relating to the insurance. The insurer refused payment claiming that there was an oral agreement which was a part of the policy and which excluded

the son. The trial court, in a bench trial, entered judgment for the plaintiff and the insurer appealed.

The plaintiff contends that his son fit within the policy's definition of "insured" and that the company is therefore liable. He also states that if there is any ambiguity in the policy it must be resolved in favor of the insured.

The defendant contends that insurance policies must be interpreted in the same manner as other contracts; that the parties may agree to conditions which do not contravene public policy; and that the courts may not change the conditions agreed upon. Defendant states that, in the case at hand, the parties agreed that the son should be excluded and that this agreement was evidenced by the course of dealings and the rate charged. Additionally, defendant argues that the policy of issuing contracts which contain age exclusions, without specific written exclusions, is a standard and acknowledged practice within the industry and should be upheld on that basis.

On October 22, 1968, the defendant, Resolute Insurance Company, issued an automobile insurance policy to James R. Wilson, the plaintiff. The policy was a one year, one hundred dollar deductible collision insurance policy. On February 22, 1969, the insured automobile was damaged in a one-car collision. At the time of the collision the automobile was being driven by eighteen year old Lester Wilson, one of plaintiff's fourteen children. Lester was driving with the permission of the plaintiff and within the scope of the permission.

The portions of the policy, relevant to the situation that arose, state that "insured means  *  *  *  any person  *  *  *  maintaining  *  *  * or having custody of said automobile with the permission of the named insured and within the scope of such permission;  *  *  *" and that "*  *  *  this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

There were no endorsements attached to the policy. On the front of the policy there is an item entitled, "Description of owned automobile or trailer." A subsection of this item, entitled "Class & Rating Symbol," contains the typewritten number "1".

The testimony reveals that between 1965 and 1969, the Conn Agency issued plaintiff seven different policies. These were written on five different companies. Separate applications were made out for each of the first four policies; no applications were made out for the last three policies. Endorsements which excluded drivers under the age of twenty-five were attached to each of the first five policies; no such endorsements were attached to the sixth or the seventh policy, the latter being that which was sued upon.

The two policies without attached endorsements were defendant's policies. There was testimony that, unlike the other companies involved, it is not the defendant's practice to attach these waivers. Defendant's expert was not allowed to testify about the industry practice in attaching the endorsements.

A secretary and the expert both testified that the class "1" symbol was used in helping the insurer determine the rate to charge the insured as well as indicating who would be covered.

According to the insurance agent and his secretary, they had, on several occasions, discussed with plaintiff the fact that drivers under twenty-five years of age were excluded under his policy. The agent said these discussions must have taken place because the applications only listed plaintiff and his wife and that to enter this information he would have had to discuss this fact with the plaintiff. The secretary stated she remembered the conversation with plaintiff because she had known him for several years. She told plaintiff that only he and his wife would be covered. Both the secretary and the agent pointed out that plaintiff was charged the rate which applied where there were no drivers under twenty-five and that the rate would be much higher had the exclusion not been in effect. Plaintiff could not recall the exact details of the several conversations during the three and a half year period. He did recall something about coverage and rates, but he pointed out that some of his children were covered under other policies and he was unclear about which conversation related to which policies.

Both sides base their arguments on *Meyer v. Aetna Cas. Ins. Co.* (1964), 46 Ill.App.2d 184. We find the case to be of no value in determining the issue herein because in *Meyer* there was a specific age exclusion attached to the policy.

■■ We agree with defendant that the principles governing the interpretation of insurance policies are the same as those governing other types of contracts. In *Zitnik v. Burik*, 395 Ill. 182, 186-187, the Illinois Supreme Court stated:

"The principles governing the interpretation and construction of insurance contracts do not differ from those controlling in other contracts. [Citations omitted.] They must be construed according to the sense and meaning of the terms which the parties have used and if the language is clear and unambiguous it must be taken and understood according to its plain, ordinary and popular sense. [Citations omitted.] The courts cannot make a new contract by supplying provisions nor can they give plain and unambiguous terms a distorted construction that will defeat the clear intent and purpose of the contract. [Citations omitted.]"

■■■ The evidence shows that the symbol, "class 1", was used to aid the company in rate determination. The insured had no indication of the meaning of the symbol since it was undefined. Physically, the symbol was a part of the section of the policy entitled "Class & Rating Symbol" and not a part of the section headed "Form numbers of endorsements attached to the policy at issue." We do not agree with defendant's argument that the rates charged and the conversation that took place between the secretary and plaintiff show that the exclusion was part of the policy. Nor do we agree with defendant's argument that what the purchaser understood when he bought the policy and what the agent said in selling the policy make the endorsement unnecessary. The issue presented is not fraud, mistake or incorporation by reference. Defendant argues that the extrinsic evidence shows that the intention of the parties was to include in the policy a provision which was not stated in the writing. The law is well settled that a court must look to the language of the instrument to determine the intent of the parties. Where the instrument is complete on its face, the court may look to extrinsic evidence only if the language used is ambiguous. (*Weiland Tool & Mfg. Co. v. Whitney* (1969), 44 Ill.2d 105, 114.) Since no ambiguity was found, neither the trial court, nor this court, had reason to consider extrinsic evidence to determine ony possible exclusion. In finding no legal basis for varying the terms of the contract, the trial court did not hold against the manifest weight of the evidence.

■■ Defendant's final contention is also without merit. The trial court was not in error in refusing to admit testimony on the practice of the industry. This testimony was not relevant to the issue at hand. Industry practice is relevant, and indeed may be determinative, in suits between members of the industry. The insured was not a part of the industry and had no idea of the meaning or the purpose of the symbol.

The decision of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.