JANE SUDLER, now known as JANE DU FRESNE, Plaintiff-Appellant, *v.* LOUIS SUDLER, JR., Defendant-Appellee.

(No. 71-236;

Second District—July 21, 1972.

Burek & Field, of Wheaton, for appellant.

Cox & Lyle, of Glen Ellyn, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff's appeal questions whether the trial court was correct in summarily holding that payments under a divorce decree were periodic alimony which terminated upon her remarriage.

The agreement incorporated in the divorce decree recited in the preamble that the parties were settling "their respective rights of property, dower rights, homestead rights, and any and all other rights of property or otherwise growing out of the marital relationship * * *." The preamble also recited that each party had made full disclosure to the other of all properties and all income. There was a provision that the defendant would convey to the plaintiff his interest in the summer cottage and also in the residence of the parties; and that plaintiff would receive the household furnishings. The meaning of the following provisions forms the basis for the litigation:

"6. The Husband agrees to pay the Wife each month until the first to occur of his death, her death, her remarriage or the elapse of eleven (11) years from the date hereof, as and for alimony, the sum of Eight Hundred Dollars ($800.00). In the event of the death of the Husband or the death or remarriage of the Wife prior to the elapse of eleven (11) years from the date of this Agreement, the Husband, or his estate, shall pay to the Wife each month until said period of eleven (11) years from the date of this agreement has elapsed (and thereafter nothing), the sum of Seven Hundred Dollars ($700.00). In the event of the elapse or eleven (11) years prior to the death of the Husband or death or remarriage of the Wife, the Husband shall pay to the Wife each month, until the first to occur of his death or her death or remarriage, as and for alimony, the sum of Six Hundred Dollars ($600.00).

\* \* \*

8. .It is understood by the·parties that the said child support and alimony is based upon the Husband's net income on his employment of Twenty-four Thousand Dollars ($24,000.00) annually, and the income from investments of approximately Four Thousand Dollars ($4,000.00) annually."

■■ Although the agreement specifically provides that her remarriage shall not terminate the payments, the wife concedes that if the payments are periodic alimony this agreement may not be enforced. *Stillman v. Stillman* (1881), 99 Ill. 196, 202; *Miller v. Miller* (1943), 317 Ill.App. 447, 450; *Balasa v. Balasa* (1956), 11 Ill.App.2d 103, 108.

Plaintiff contends, however, that the agreement is ambiguous in that paragraph 6 is reasonably susceptible of more than one meaning, and that the court erred in refusing to hear parol evidence of the negotiations leading to this agreement offered to show that the parties intended the payments to form part of a lump sum property settlement.

■■ In interpreting the provisions of a divorce decree, the court seeks to give effect to the intentions of the parties, and the normal rules pertaining to the construction of contracts are applicable. (*Brandel v. Brandel* (1966), 69 Ill.App.2d 264, 267; *Vinci v. Vinci* (1970), 131 Ill.App.2d 496, 266 N.E.2d 379, 382.) Thus, the parties' intentions must be determined from the language of the instrument itself, unless the instrument is incomplete or the language is ambiguous, in which case extrinsic evidence may be introduced as an aid to interpretation. (*Weiland Tool & Mfg. Co. v. Whitney* (1969), 44 Ill.2d 105, 114; *Wilson v. Resolute Insurance Company* (1971), (Ill.App.), 267 N.E.2d 720, 723.) An instrument is ambiguous if the words used by the parties are fairly susceptible of being understood in more than one sense. *La Salle National Insurance*

*v. Executive Auto Leasing* (1970), 121 Ill.App.2d 430, 435; *First National Bank v. Victor Comptometer Corp.* (1970), 123 Ill.App.2d 335, 341.

This agreement contains some characteristics of periodic alimony, but also language commonly identified with a lump sum settlement.

■■■ The provision in paragraph 8 of the agreement referring payments to the husband's income is a characteristic of periodic alimony. (*Walters v. Walters* (1950), 341 Ill.App. 561, 567, aff'd 409 Ill. 298 (1951); *Jacobson v. Jacobson* (1964), 50 Ill.App.2d 244, 251.) There are various references to "alimony" in the agreement. Such "labels" have been referred to as some "indicium of intention.", (*Maybaum v. Maybaum* (1952), 349 Ill.App. 80, 87), although not determinative if the whole agreement shows a different intention. (*Walters v. Walters, supra,* at page 574; *Jacobson v. Jacobson, supra,* at page 247.) The provisions of paragraph 6 for reduced monthly payments on contingencies prior to the elapse of 11 years is some indication—again inconclusive—of an indefinite sum, usually a characteristic of periodic alimony. *Walters v. Walters, supra,* at pages 568, 571. But see *Kohler v. Kohler* (1961), 31 Ill.App.2d 151, 156; and *Roberts v. Roberts* (1967), 90 Ill.App.2d 184, 195.

■■ Yet the language of the agreement also has much of the flavor of a lump sum agreement. The fact that the payments are a charge upon the husband's estate; the statement of the purpose to permanently settle all property rights; and, if the later provisions are separable, the provisions for a fixed sum for the 11-year period are characteristic of a lump sum agreement. *Walters v. Walters,* 341 Ill.App. 561, *supra* at pages 561, 568, 577.

■■ We conclude that the language of this agreement is ambiguous in that it can be understood in more than one sense, and that parol evidence is thus admissible to determine the intention of the parties.

■■ Plaintiff's offer of proof showed that in the continuing negotiations leading to this settlement agreement, several letters referring to a proposed agreement including a lump sum settlement were exchanged between the respective attorneys. The particular details of the proposed agreement were contained in a draft agreement prepared by plaintiff's attorney and sent to defendant's attorney under date of September 25, 1967. The proposed agreement provided that the defendant pay the plaintiff $1,000 per month, of which $900 was child support and $100 was alimony. In addition, the wife was to get a lump sum of $25,000 payable over a ten (10) year period. If the wife remarried, this sum was to be reduced to $15,000. In October, 1967, defendant's attorney sent to plaintiff's attorney a letter including a revised agreement ac-

companied by a chart showing what money plaintiff would receive both before and after remarriage, during the first eleven (11) years and also after the eleven (11) years. The amounts payable were changed so as to consider tax consequences. This revised agreement, including the payments as explained in the chart, became part of the Decree.

This evidence would be of aid in determining the true intent and agreement of the parties, and should be considered by the trial court.

For the foregoing reasons the judgment of the Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ABRAHAMSON and T. MORAN, JJ., concur.