Isadore Bookstein, J.
The parties waived a jury trial and the cause was tried by the court, without a jury.
On or about May 1, 1957, defendant issued to plaintiff a guaranteed renewable major medical expense policy, No. M-230-347. While the policy was in force, plaintiff became hospitalized through illness. He filed a proof of claim under the policy which claim was honored and paid in part.
During his confinement, plaintiff concededly incurred nursing expense of $347. That item defendant refused to pay, taking the position that it is not within the coverage of the policy and this action is to recover that sum.
The coverage provisions of the policy for nursing charge are as follows: “ Definitions * * * Eligible Medical Expenses *988 * * * (c) charges for the full-time private duty nursing services of a graduate, registered nurse, other than a member of the insured’s family
It is undisputed that plaintiff had the services of practical nurses. Defendant’s contention is that the coverage is limited to nurses who have the right to use the title of Registered Nurse and the abbreviation R. N. Practical nurses do not have that right.
Defendant’s contention seems to me to be untenable.
Subdivision 2 of section 6901 of the Education Law, defines the practice of nursing. Paragraph a thereof defines the practice of nursing of a registered professional nurse. Paragraph b thereof defines the practice of nursing of a licensed practical nurse, the latter having somewhat less powers and authority than a registered professional nurse.
Section 6902 of the Education Law prohibits the practicing of nursing without submitting evidence of qualification and obtaining a license and without registering. This provision applies equally to a registered professional nurse and a licensed practical nurse.
Section 6905 of the Education Law sets forth the qualifications of a registered professional nurse and provides for the examination of persons seeking licenses as such.
Section 6906 of the Education Law sets forth the qualifications of a licensed practical nurse and provides for the examination of persons seeking licenses as such.
Section 6907 provides for two classes of licenses to be issued, namely a license to practice as a registered professional nurse and a license to practice as a licensed practical nurse.
Both registered professional nurses and licensed practical nurses must register periodically under section 6908 of the Education Law.
Thus both registered professional nurses and licensed practical nurses are registered nurses.
As we have already seen, the coverage is for “ charges for full-time private nursing services of a graduate, registered nurse.”
The practical nurses employed by plaintiff were graduates of a school for the training of practical nurses (Education Law, § 6906, subd. 1, par. [e]); they were licensed under section 6907 and such licenses could not be obtained, unless they were graduates under paragraph (e) of subdivision 1 of section 6906 of the Education Law. They were registered under section 6908 of the Education Law.
*989 Hence the nurses employed by plaintiff were wholly within the language of the policy, to wit, ‘ ‘ graduate, registered nurses. ’ ’ (Cf. Anderson v. National Cas. Co., 151 App. Div. 439.)
If defendant intended to limit coverage to “ Professional ” nurses, and not to “ practical ” nurses, it failed to do so. To my mind there is no ambiguity in the language of the policy on the subject of nurses. Even if there is, the language, under familiar principles must be construed against defendant.
Verdict rendered in favor of plaintiff and against defendant for $347 and interest, together with statutory costs and disbursements.