Thomas P. Farley, J.
The parties to this action have submitted determination of their controversy to the court for decision upon a stipulation of facts.
The action is brought to recover the sum of $910 for nursing care alleged to be due under a “ Family Combination Automobile Policy ” issued to the plaintiff by the defendant.
It is undisputed that plaintiff was injured in an automobile accident; that as a result, she incurred medical expenses including the fair and reasonable sum of $910 for a licensed practical nurse, and that the policy contains a covenant by the defendant providing coverage for medical payments in the following language: ‘ ‘ Coverage C Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary hospital, professional nursing and funeral services. ’ ’
The only subject of dispute is whether the expenses incurred by plaintiff for services rendered by the licensed practical nurse are ‘ ‘ professional nursing” expenses as that term is used in the policy.
Defendant contends that only a registered nurse is qualified to render “professional nursing ” services; whereas, the plaintiff maintains that the services of a licensed practical nurse are within the coverage of the policy.
Subdivision 2 of section 6901 of the Education Law defines the status of both a “registered professional nurse ” and a “ licensed practical nurse ” as follows:
“ 2. The practice of nursing is defined as follows:
“ a. A person practices nursing as a registered professional nurse within the meaning of this article who for compensation *577 or personal profit performs any professional service requiring the application of principles of nursing based on biological, physical and social sciences, such as responsible supervision of a patient requiring skill in observation of symptoms and reactions and the accurate recording of the facts, and carrying out of treatments and medications as prescribed by a licensed physician, or by a licensed dentist and the application of such nursing procedures as involves understanding of cause and effect in order to safeguard life and health of a patient and others.
“ b. A person practices nursing as a licensed practical nurse within the meaning of this article who for compensation or personal profit performs such duties as are required in the physical care of a patient and in carrying out of medical orders as prescribed by a licensed physician or by a licensed dentist requiring an understanding of nursing but not requiring the professional service as outlined in paragraph a.”
Subsequent sections of the Education Law describe in detail the education, training and other qualifications prerequisite to receiving a license in either category. An examination is required before an applicant may obtain either license. Unquestionably, the educational and professional status of the registered professional nurse is far above that of a licensed practical nurse, but this is not determinative of the issue presented here. The policy contains no definition of the term ‘ ‘ professional nurse ”, nor is there any reference in the policy to the Education Law of New York or to comparable statutes of any other State. Under these circumstances, the court will not treat the quoted language as an expression of art, or as possessing technical meaning or significance, but will accord it the ordinary meaning commonly attributed to it in everyday usage.
A “practical nurse ” is defined in Webster’s Third New International Dictionary (1961 ed., p. 1780), as “ a nurse that cares for the sick professionally without having the training or experience required of a registered nurse ” (emphasis added). The adjective “professional” is defined as “relating to or characteristic of a profession or calling * * * engaged in one of the learned professions or in an occupation requiring a high degree of training and proficiency * * * participating for gain or livelihood in an activity or field of endeavor often engaged in by amateurs ’ ’. (Webster’s Third New International Dictionary, supra, p. 1811.)
In the court’s opinion, these definitions are sufficiently clear to support the plaintiff’s construction of the policy. However, if there be any doubt or ambiguity, it is a well-settled principle *578 of insurance law that it he resolved in favor of the insured and against the insurer. (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49.)
Accordingly, the court holds that the coverage in the policy for “ professional nursing ” services includes services rendered by a licensed practical nurse engaged in nursing services for a living, as opposed to services rendered to a patient by an unlicensed or unskilled person. The plaintiff is, therefore, entitled to judgment in the sum of $910, with interest from August 25,1959, plus costs and disbursements.