Beatrice Shainswit, J.
In this action to recover benefits under a health insurance policy, summary judgment is granted to plaintiff.
It is axiomatic that, in construing* a policy such as the one here in suit, insured is entitled to a liberal construction which will effectuate the purpose of the policy and provide him with the coverage he thought he was receiving. (Matter of Vanguard Ins. Co. v. Polchlopek, 18 N Y 2d 376, 381; Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442.)
The relevant policy provision, under which defendant has refused further benefits, reads: “ If the covered sickness com *839 pletely and continuously prevents the insured from engaging in his profession or occupation, the Association will pay benefits * * * so long as the covered sickness completely and continuously prevents the insured from engaging in any gainful profession or occupation and so long as the insured receives no remuneration for work or service performed * * * provided, however, that the insured is under the professional care and regular attendance of a legally qualified physician, other than himself.”
Plaintiff here is a 70-year-old man with a conceded, serious, heart condition. It is further established that plaintiff’s own doctor has admonished him to discontinue all his activities as a pharmacist; and, in fact, he has not worked at all since April, 1971. Defendant seeks to stave off plaintiff’s claim after five months, instead of the 60 allowable under the policy, by contending that it in turn has a doctor who finds that, although plaintiff indeed has chronic heart disease, conceivably he might work part time, and conceivably he might survive such work.
A fair reading of the policy does not support defendant’s graceless posture. Plaintiff need not put his life in jeopardy in order to recover benefits. The court notes that defendant does not even attempt to urge that plaintiff should pursue some profession other than pharmacy. It, thus, tacitly recognizes that, at 70, a sick man cannot be asked to learn a new trade. By the same token, it cannot urge that the profession of pharmacy be subdivided into those duties which can be performed on a full-time basis, and those possible on a limited basis. Performance part time is not engaging in the profession of pharmacy. An attorney who could appear in the courtroom from only 2 -.00 to 5:00 p.m. would be regarded as disabled from engaging in the duties of his profession.
The carrier cannot, for the sole purpose of saving the comparatively small sums involved herein (this is not, after all, a lifetime policy, but one for a limited period), compel a trial designed to analyze the duties of a pharmacist facet by facet, in order to determine which can be performed at what hours of •the day. The courts have repeatedly held that “ total disability” occurs where a professional is unable to perform any substantial part of his ordinary duties, even though he can still perform some of them. (See McGrail v. Equitable Life Assur. Soc. of U. S., 292 N. Y. 419; Niccoli v. Monarch Life Ins. Co., 70 Misc 2d 147.) In these cases recovery was allowed, under provisions similar to the one at bar, even though claimant doctors continued to practice some aspect of medicine different from *840 their usual specialties. A fortiori, in our case, where claimant pharmacist is concededly doing no work whatever, pursuant to his physician’s direction, recovery is warranted.
We note further, that the relevant policy provision concludes: “ provided, however, that the insured is under the professional care and regular attendance of a legally qualified physician.” Those words are clearly susceptible of the construction that plaintiff is entitled to the benefits he seeks, where he has a legally qualified doctor attesting that he is prevented by illness from completely and continuously engaging in his profession.
It is one thing where a defendant is disputing the existence of a covered sickness. But where the covered sickness is conceded, and where its consequences afe indicated by the doctor under whose professional care plaintiff is, the policy does not lend itself to fragmentation. Both plaintiff’s and defendant’s doctors concede that plaintiff cannot work full time. The carrier’s do'ctor is prepared to expose plaintiff to a risk which plaintiff’s own doctor is not prepared to assume.
In other cases involving other facts, a conflict between doctors may pose triable issues of fact. In this case the conflict is in the area of conjecture. The court does not believe that this concededly ill assured must be exposed to the further trauma of a trial.
Since there is no dispute as to his illness, it borders on the irrational to insist that plaintiff, at his age, can continue to work — where he has proffered his own physician’s statement, and where the relevant policy provision concludes with the requirement that he be under the regular care of a physician. It is not disputed that he is under such care, that he has presented the opinion of his doctor, or that that opinion is genuine.
Under all the circumstances, and in the interests of justice, summary judgment is granted.