THE ROCK ISLAND BANK, Ex'r of the Estate of Hyman Avrick, Deceased, Plaintiff-Appellant, *v.* TIME INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 77-271

Opinion filed January 23, 1978.—Rehearing denied March 14, 1978.

BARRY, J., dissenting.

Frank G. Schubert and Stephen G. Andich, both of Arndt, Schubert & Andich, of Rock Island, for appellant.

Robert T. Park and John M. Telleen, both of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Rock Island County, after a bench trial, finding in favor of defendant-appellee, Time Insurance Company, and against the Rock Island Bank, executor of the estate of Hyman Avrick.

The insured, Hyman Avrick, brought an action against his group insurer, Time Insurance Company, for payment of bills he had incurred, *inter alia*, for the services of licensed practical nurses hired to care for him as a result of illness. The trial court found in favor of the defendant insurance company on the ground the policy of insurance covered the services of a graduate registered nurse only, and did not cover the services of a licensed practical nurse.

Among the covered expenses in the policy was "c. NURSE EXPENSE: Private duty nursing services by graduate registered nurses, who are not immediate members of the Insured's family." The insurance company

refused to pay for the services of the 32 licensed practical nurses who were used for over 100 days of service. The company did pay for the services of a registered nurse who was used for one day.

■■ Plaintiff's entire argument is predicated on the assumption there is ambiguity in the policy with regard to the use of the term "graduate registered nurses." He relies heavily on a New York trial court decision, *Kaplan v. New York Life Insurance Co.* (1959), 192 N.Y.S.2d 378, 19 Misc. 2d 987, in which the court held the phrase "graduate registered nurse" in a medical expense policy covering charges for full-time private duty nursing services included practical nurses who were graduates of the school of training of practical nurses and who were licensed to practice as practical nurses and was not limited to a professional nurse having the right to use the title "Registered Nurse." We do not accept the reasoning of that court. There is a clear statutory difference between "Registered Nurse or Registered Professional Nurse" and "Practical Nurse or Licensed Practical Nurse." (Ill. Rev. Stat. 1969, ch. 91, par. 35.35.) We do not believe the facts that both classes of nurses must register and that both classes might be graduates of a school of nursing require the legal conclusion that "Licensed Practical Nurses" fall within the "Graduate Registered Nurses" language of the policy. Furthermore, although we note the record shows it was extremely difficult, if not almost impossible, to obtain the services of registered nurses, we cannot rule in direct conflict with the very clear limiting language of the policy. We recognize the well-established rule that where the language of an insurance policy is ambiguous the policy should be construed in favor of the insured. (*Glidden v. Farmers Automobile Insurance Association*, 57 Ill. 2d 330, 312 N.E.2d 247.) However, where as in the instant case there is no ambiguity, this court will not ignore the very plain language of the policy.

■■ We hold the term "Graduate Registered Nurses" as used in the policy in this case does not include the services of "Licensed Practical Nurses."

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STENGEL, P. J., concurs.

Mr. JUSTICE BARRY, dissenting:
The failure of the insurance company to define "graduate registered nurse," either expressly or by reference to a particular statute, renders that term unambiguous. The defendant has failed to limit the coverage of the policy to registered nurses as defined by section 4 and 8 of the Illinois

Nursing Act (Ill. Rev. Stat. 1975, ch. 91, pars. 35.35 and 35.39). The term, as used in this policy, is not even capitalized. Capitalization would seem to indicate a more specific application or meaning. The failure of the company to so capitalize leads the reader to believe the phrase has a more general reference.

In a similar case, the phrase "graduate, registered nurse" was construed to include practical nurses who were graduates of a school for training practical nurses, and the phrase was not limited to a professional nurse having the right to use the title "Registered Nurse" and the abbreviation "R.N." (*Kaplan v. New York Life Insurance Co.* (1959), 192 N.Y.S.2d 378, 19 Misc. 2d 987.) I believe this is the appropriate result in this case, especially considering the relative unavailability of registered professional nurses and the fact that not all patients require a registered professional nurse to care for them, a licensed practical nurse being sufficient.

Furthermore, the meaning of the terms composing the phrase "graduate registered nurse" lead to the conclusion I propose. A graduate nurse is "a person who has completed the regular course of study and practical hospital training in nurses' training school." (Webster's Third New International Dictionary 985 (1971).) Under Illinois law, both a licensed practical nurse and a registered professional nurse are required to complete an educational program in an approved school of nursing, although the educational requirements are different. (Ill. Rev. Stat. 1975, ch. 91, pars. 35.39 and 35.40.) Both are certified, and that means registered because the last paragraph of section 9 (par. 35.40), setting out the qualifications of licensed practical nurses, states that "the Department may take into consideration any felony conviction of the applicant, but such a conviction shall not operate as a bar to registration." In addition, section 13 (par. 35.44) indicates that the nurse's certificate is a "certificate of registration."

Therefore, I believe the phrase "graduate registered nurse" used in this policy does not limit the coverage of the policy to only registered professional nurses as defined by sections 4 and 8 of the Illinois Nursing Act (Ill. Rev. Stat. 1975, ch. 91, pars. 35.35 and 35.39). On the other hand, given the unavailability of registered professional nurses and the fact that not all patients needing nursing care require the expertise of a registered professional nurse, such a limitation on the coverage of the policy may be unconscionable.