NANCY S. WHITE, Plaintiff-Appellee, *v.* ROBERT P. WHITE, Defendant-Appellant.

First District (2nd Division)   No. 77-10

Opinion filed July 5, 1978.

James B. Moran, Thomas C. Walker, John W. Rotunno, and Bell, Boyd, Lloyd, Haddad & Burns, all of Chicago, for appellant.

Rinella & Rinella, of Chicago (Stuart N. Litwin, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

A judgment for divorce was entered on February 28, 1969, granting plaintiff, Nancy S. White, a divorce from defendant, Robert P. White. On May 27, 1975, defendant filed a petition to enforce a settlement

agreement, which had been incorporated into the divorce decree, alleging that according to the agreement plaintiff was required to include the amount of the lump sum settlement in her gross income and pay taxes on that amount and defendant was to obtain a deduction on his taxes. The court denied and dismissed defendant's petition and denied a motion for rehearing. Defendant appeals.

The issues on appeal are whether the court erred in determining that the settlement agreement was clear and unambiguous on its face and whether the court erred in interpreting the language of the agreement and holding that plaintiff was not required to include certain payments over a six-year period in her gross income.

On February 28, 1969, a judgment for divorce was entered granting plaintiff, Nancy S. White, a divorce from defendant, Robert P. White. The judgment incorporated a written property settlement agreement entered into by the parties in settlement of the property rights, support and maintenance of plaintiff and of the care, custody, support and education of the children.

Paragraph 5 of the agreement provided that defendant covenanted to pay plaintiff as alimony in gross, and in lieu of permanent alimony, a sum of $720,000 to be paid as follows:

"(a) The sum of One Hundred Eighty Thousand Dollars ($180,000.00) in equal monthly installments of Two Thousand Five Hundred Dollars ($2,500.00) each, * * * until a total of seventy-two (72) such payments shall have been made. The obligation of the husband to pay, and the right of the wife to receive, the entirety of the sum aforesaid shall not be deemed to be defeasible by the death or remarriage of either of the parties hereto, but shall be deemed payable in all events.* * *

(b) [T]he husband covenants and agrees that he will pay to the wife an additional sum not to exceed Five Hundred Forty Thousand Dollars ($540,000.00) in equal monthly installments of Two Thousand Two Hundred Fifty Dollars ($2,250.00) each, * * * until the first to happen in point of time of the following events:

(i) The death of the wife,

(ii) The remarriage of the wife, or

(iii) The making of two hundred forty (240) such payments."

Paragraph 6 of the agreement provided:

"It is further mutually covenanted and agreed by and between the parties hereto that the amounts payable to the wife under and by virtue of the terms of paragraph 5 of these presents shall be deemed to be payments made by the husband to the wife in

discharge of a legal obligation to supporl [sic] and maintain the wife, and to be made in connection with an agreement incident to a judgment for divorce within the meaning and purview of Sections 71 and 215 of the United States Internal Revenue Code of 1954, as amended * * * and that such payments, for the purposes of any such Internal Revenue Code or amendment thereto, shall be includible in the gross income of the wife, and deductible from the adjusted gross income of the husband, to the full extent permissible under such law or laws."

Pursuant to section 5 of the agreement, defendant paid $346,500 to plaintiff from 1969 through 1975. Defendant deducted from the gross income reported on his Federal income tax returns all of the payments made pursuant to paragraph 5. During this time, plaintiff reported as income on her Federal tax returns the payments under paragraph 5(b) but she did not include the payments received by virtue of paragraph 5(a). In 1975 defendant was notified by the Internal Revenue Service that plaintiff did not include the monies received pursuant to paragraph 5(a) in her taxable income for the years 1969 through 1974 and that the deduction claimed by defendant for the payments pursuant to paragraph 5(a) would be disallowed. Subsequently, a deficiency was assessed by the Internal Revenue Service against defendant.

Defendant filed a petition on May 27, 1975, in the circuit court of Cook County requesting that plaintiff be ordered to include in her gross income payments received pursuant to paragraph 5(a). The petition alleged that paragraph 6 of the agreement provided that all of the payments made pursuant to paragraph 5 were to be taxable income to plaintiff and deductible by defendant and that paragraph 6 does not distinguish between sections (a) and (b) of paragraph 5. Defendant stated that it was the parties' intention that all payments be deductible by defendant.

Plaintiff filed a motion to strike and dismiss the petition alleging that the court was without jurisdiction because two years had passed since entry of the judgment and defendant could not obtain relief by a section 72 petition, and because the question was one for the Federal tax court to determine. Plaintiff contended that the agreement could not be reformed because paragraph 6 was clear and unambiguous on its face and clearly stated the parties' intention that the payments be taxable to plaintiff only to the extent of section 71 of the Internal Revenue Code. Under section 71, a lump sum settlement which is not contingent upon death or remarriage and is payable for a period of time not exceeding 10 years is not included in the taxable income of the recipient.

On July 28, 1975, the court, finding that it had jurisdiction, denied plaintiff's motion to strike and dismiss the petition. Plaintiff filed a motion to vacate the order and a motion for a change of venue. The motion for

change of venue was granted, and the cause was transferred to Judge Hunter. On April 7, 1976, Judge Hunter denied and dismissed defendant's petition stating that defendant was not entitled to relief under the clear and unambiguous language of the agreement. Defendant filed a motion for rehearing, which was denied. The court found that the agreement was clear and unambiguous and that payments over a six-year period are not income to the wife in accordance with section 71 of the Internal Revenue Code.

Defendant contends on appeal that under paragraph 6 of the settlement agreement all payments under paragraph 5 were deemed to be payments made in discharge of a legal obligation to support the wife within the meaning of section 71 of the Internal Revenue Code (Int. Rev. Code of 1954, par. 71) and that if the payments are in discharge of a legal obligation to support, then under section 71 they are includible in the wife's gross income and deductible by the husband. Plaintiff contends that paragraph 6 clearly states that the payments under paragraph 5 are includible in the wife's gross income only to the extent permissible under section 71 and that section 71 does not encompass payments made over a period of time less than 10 years. Defendant argues that if plaintiff's interpretation is accepted, paragraph 6 is reduced to surplusage and is meaningless. Such interpretation would give meaning and effect only to the last phrase of paragraph 6, "to the full extent permissible under such law or laws." In the alternative, defendant contends that the language of paragraph 6 is ambiguous and the trial court erred in refusing to admit extrinsic evidence of the prior negotiations to explain the ambiguity.

■■ The normal rules pertaining to the construction of contracts are applicable to the interpretation of the provisions of a divorce decree. (*Sudler v. Sudler* (2d Dist. 1972), 6 Ill. App. 3d 546, 286 N.E.2d 113.) The settlement provisions within the divorce decree should be construed so as to give effect to the intention of the parties. (*Sudler v. Sudler; Vinci v. Vinci* (1st Dist. 1970), 131 Ill. App. 2d 496, 266 N.E.2d 379.) The intent of the parties must be determined from the contract as a whole and not from any one clause standing alone. (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 154 N.E.2d 683; *Roosevelt University v. Mayfair Construction Co.* (1st Dist. 1975), 28 Ill. App. 3d 1045, 331 N.E.2d 835; *Goldblatt Bros. v. Addision Green Meadows, Inc.* (1st Dist. 1972), 8 Ill. App. 3d 490, 290 N.E.2d 715.) Further, in construing a contract, meaning and effect must be given to every part, and no part should be rejected as surplusage unless absolutely necessary since it is presumed that each provision was inserted deliberately and for a purpose. (*Martindell v. Lake Shore National Bank; Gross v. University of Chicago* (1st Dist. 1973), 14 Ill. App. 3d 326, 302 N.E.2d 444.) The parties' intent must be determined

solely from the language of the contract unless the language is ambiguous, in which case extrinsic evidence may be introduced to explain the language. (*Sudler v. Sudler.*) A contract is ambiguous when the language used is reasonably susceptible to more than one meaning. (*Schwartz v. Schwartz* (1st Dist. 1966), 69 Ill. App. 2d 128, 216 N.E.2d 505.) Language is not rendered ambiguous simply because the parties do not agree upon its meaning. *Harris v. American General Finance Corp.* (3d Dist. 1977), 54 Ill. App. 3d 835, 839, 368 N.E.2d 1099.

■■ The language of paragraph 6 clearly states that all payments under paragraph 5 are deemed to be payments made in discharge of a legal obligation to support and maintain the wife. It does not clearly state, as defendant contends, that the payments are deemed to be includible in the gross income of the wife. However, defendant's interpretation is not unreasonable. Under the rules of contract construction, it must be assumed that paragraph 6 was deliberately inserted in the agreement for some purpose. It is not unreasonable to interpret the statement that the payments were in discharge of a legal obligation to support the wife as indicating an intent to make all the payments includible in the wife's gross income. The language used is similar to the language of section 71(a)(1), which states:

> "If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) of legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

Although the agreement does not specifically state that the payments are to be treated as periodic payments, use of language similar to that of section 71 indicates a possible intent to come within that section. Also, use of the language that the payments are deemed to be made in discharge of an obligation to support the wife indicates an intent to have the payments treated as periodic payments since it has been held that in order to qualify as periodic payments under section 71 the payments must be in the nature of alimony or an allowance of support. (*Coker v. United States* (D. Neb. 1971), 327 F. Supp. 169, *aff'd* (8th Cir. 1972), 456 F.2d 676.) The language of the agreement is substantially different from that of section 71(c)(1) which states the rule that installment payments are not treated as periodic payments. Section 71(c)(2) states that installment payments over a period of more than 10 years are treated as periodic payments and are includible in the wife's gross income but only to the extent of 10 percent of the

principal sum in any one taxable year. It is not unreasonable to interpret the last phrase of paragraph 6, "to the full extent permissible under such law," as referring to the 10-percent limit. Under this interpretation, all of paragraph 6 has meaning and none of it is reduced to surplusage as merely restating the applicable law.

It is also not unreasonable to interpret the agreement as plaintiff did because it is a literal reading of the language. A careful reading of paragraph 6 indicates that the parties mutually agreed that (1) the payments under paragraph 5 are deemed to be in discharge of a legal obligation to support, and (2) such payments shall be includible in the wife's gross income to the full extent permissible under the Internal Revenue Code. Under plaintiff's interpretation, it would be immaterial whether any of the payments were in discharge of an obligation to support, and the first part of paragraph 6 would be meaningless. The second part, in particular the last phrase of paragraph 6, would be a limit on the entire paragraph. Under plaintiff's view, paragraph 6 does not add anything to the agreement except to state that the payments are taxable in accordance with section 71 of the Internal Revenue Code. This would be true even without the inclusion of paragraph 6. However, parties to a contract will often add a provision which merely states that a particular statute or law will be applicable.

■■ We find that the agreement is reasonably susceptible to more than one meaning and therefore it is ambiguous. The first portion of the paragraph appears to be in accordance with defendant's interpretation, while the latter portion coincides with plaintiff's view. It would seem that this area of contention could have been avoided had the parties or their counsel expressed with simple language the parties' intent to include either all or part of the payments in the wife's gross income.

Reversed and remanded for proceedings not inconsistent with this opinion.

STAMOS, P. J., and DOWNING, J., concur.