OPINION OF THE COURT
David B. Saxe, J.
The issue that I must resolve is whether home nursing services performed by a nurse’s aide for a woman who requires nursing services or care to recuperate from a difficult pregnancy are covered under a State-wide health insurance policy that limits coverage for such services to those rendered by registered graduate nurses (RNs) or State licensed practical nurses (LPNs).
The plaintiff, a Civil Court Judge, and his wife have insurance coverage under the New York State Government Employees Major Medical Health Insurance Statewide policy issued by the defendant, Metropolitan Life Insurance Company.
The facts are as follows: In January, 1981, following complications during pregnancy, the plaintiff’s wife had an emergency Caesarean section at Staten Island Hospital, after which she was hospitalized for six days. Her physician thought that continuing nursing care was necessary and he certified in writing that she required nursing care at home.
The plaintiff testified that he made several attempts to obtain the services of a registered nurse for his wife’s care. He contacted many nursing agencies without success. He was repeatedly informed that there were no RNs or LPNs available, or that none would be available on such short notice. Finally, one agency, the Scott Registry, advised him *333 that an LPN would be available on the date that his wife was scheduled to return home from the hospital and arrangements were made between the plaintiff and the service. However, on the date his wife returned home, the plaintiff was met not with an RN or an LPN, but, instead, a nurse’s aide. She explained that she had been sent by Scott Registry since the agency had no RNs or LPNs available. Due to the exigent circumstances, the plaintiff assumed it would be useless to continue to search for an available RN or LPN. He therefore accepted the services of the nurse’s aide for his wife. The nurse’s aide was employed for approximately 10 days and the plaintiff paid her $550 for which he requests reimbursement under the terms of the policy.
The defendant contended that the services provided by the aide, which were characterized as those of a “baby technician”, were not covered under the policy of insurance. This characterization is imprecise and prejudicial since, on the basis of the testimony, I find that the services provided by the nurse’s aide were predominantly for the postoperative care of the plaintiff’s wife; any services for the care of the infant were incidental to the plaintiff wife’s medical needs. Moreover, I find that the services in this case, furnished by the nurse’s aide, were similar to those that would have been furnished by an RN or LPN. This court is aware of the differences in qualifications and training of registered or licensed nurses, on the one hand, and unlicensed nurse’s aides on the other. (See Education Law, § 6900 et seq.) Here, it appears that the plaintiff wife’s recovery from surgery was without major complications and the nursing services required to be furnished (e.g., looking after the incision; monitoring her condition; helping her to and from bed) were those that could have been furnished by either a licensed or an unlicensed nurse.
The policy states:
“covered medical expenses
“Covered medical expenses mean expenses for medical services as described below when performed or prescribed except as otherwise noted by a licensed physician or surgeon to the extent such expenses are reasonable, necessary and customary. [Emphasis added.]
*334 “4. Registered Graduate Nurses
“Services of registered graduate nurses, other than a nurse who ordinarily resides in the employee’s home or who is a member of the employee’s immediate family, except that expenses incurred for the first forty-eight hours of such services rendered to any person in any calendar year shall not be considered Covered Medical Expenses. Expenses incurred for the services of a State licensed practical nurse will be included on the same basis as expenses incurred for services of a registered nurse if the attending physician certifies that nursing care is necessary and the services of a registered nurse are not available.”
The defendants do not deny the “reasonableness” or “necessity” of the services which were prescribed for the recuperation of the plaintiff’s wife by her physician. Rather, the defendant contends that the only nursing services expressly described in the insurance contract, and therefore the only “covered medical expenses” for which they are liable to the plaintiff, are those rendered by a registered graduate nurse or a State licensed practical nurse. Since they claim a nurse’s aide is not an “RN” or an “LPN”, the defendant disclaims liability.
Admittedly, had the registry sent the plaintiff a State licensed practical nurse, as it had promised, the defendant would have been obligated to provide reimbursement for the costs of such services. The contract is silent, however, whether neither the services of an RN or LPN may be procured and the insured is forced to engage other nursing services, or none at all. The defendant contends that the import of this silence is unambiguous and that it will not be liable for such services. Accordingly, the defendant relies on the accepted notion that courts must refrain from interfering with agreements that are clear and unambiguous. (See Government Employees Ins. Co. v Kligler, 42 NY2d 863; Breed v Insurance Co. of North Amer., 46 NY2d 351.)
I hold that the terms “registered graduate nurse” and “State licensed practical nurse” are precise, and are not intended to include the services of a nurse’s aide. (Cf. Shapiro v Aetna Ins. Co., 33 Misc 2d 576; Kaplan v New York Life Ins. Co., 19 Misc 2d 987.)
*335 The issue then becomes whether the policy’s silence regarding coverage for nursing services other than those rendered by RNs or LPNs creates an ambiguity in the contract. I find that it does not. Plaintiff contends that the similarity of services rendered by the nurse’s aide in this case, as compared to those that would have been performed by an RN or LPN, together with the fact that the contract section entitled “services or conditions not covered” does not expressly exclude coverage of a nurse’s aide’s services, creates an ambiguity in the policy. Plaintiff then correctly notes that any ambiguity in an insurance policy must be resolved in favor of the insured. (Cantanucci v Reliance Ins. Co., 43 AD2d 622, affd 35 NY2d 890.) However I have already found, contrary to plaintiff’s contention, that the contract is unambiguous. The fact that the services of a nurse’s aide are not explicitly set out in the section called “services or conditions not covered” does not mean that these services are covered services. That section is apparently intended to clarify and place further limitations on coverage, rather than be an exhaustive list of exclusions. The pertinent question is whether the services constitute a “covered medical expense” which by the terms of the contract include only those “described below”. It has already been established that the services of a nurse’s aide are never mentioned in the portion of the contract defining and. elaborating on those items which come within the definition of “covered medical expenses”. That being the case, the services of a nurse’s aide may not be included within the ambit of the contract’s coverage.
Plaintiff also relies on various familiar rules of law and statutory construction. For example, it has been held that the reasonable expectations of an insurance buyer must be met. (Weinberg v Insurance Co. of North Amer., 88 Misc 2d 82.) Plaintiff states that he had every reasonable expectation to be reimbursed when he conscientiously but unsuccessfully sought to hire an RN or LPN; that he should not now be denied payment because the agency sent him a nurse’s aide instead of an LPN, as was promised. However, pursuant to the terms of the contract, the plaintiff either knew or should have known that the services of a nurse’s aide were not included. He was also free to reject the *336 nursing services sent to him by the agency. Second, plaintiff contends that since this is a health insurance policy, he is entitled to a liberal construction which will effectuate the purpose of the policy and provide the coverage he thought he would be receiving. (Leibowitz v Mutual of Omaha Ins. Co., 71 Misc 2d 838.) This rule is inapplicable since it becomes operative only if it is established that the contract is ambiguous.
I find, therefore, that the contract of insurance here is clear and unambiguous. The relief requested by the plaintiff, if granted, would entail rewriting the contract. I will not do that. (Government Employees Ins. Co. v Kligler, 42 NY2d 863, supra.)
Judgment for defendants.