BELL FUELS, INC., Plaintiff-Appellant, v. LOCKHEED ELECTRONICS COMPANY, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—1266

Opinion filed February 1, 1985.

Laser, Schostok, Kolman & Frank, of Chicago (Joel A. Stein and Brad Levin, of counsel), for appellant.

Louis C. Roberts and Larry A. Hoellwarth, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee Lockheed Electronics Company, Inc.

Thomas P. Luning and Kevin J. Byrne, both of Schiff, Hardin & Waite, of Chicago, for other appellee.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from the trial court's dismissal of plaintiff's verified two-count second amended complaint which sought damages against defendants Lockheed Electronics Company, Inc. (Lockheed), and Don Johns, Inc., caused by the breach of their implied warranty of merchantability on allegedly defective goods that they manufactured and distributed. We affirm, and pertinent to our disposition are the following.

Plaintiff, a distributor of fuel oil to individual and commercial consumers, filed a verified second amended complaint on September 2, 1982, after its prior complaints alleging breaches of various express and implied warranties had been dismissed.

Count I, directed at defendant Lockheed, alleged that metering registers manufactured by Lockheed and purchased by plaintiff from Don Johns, Inc., were defective in their design; that plaintiff had given Don Johns, Inc., due notice of several defects; and that Lockheed knew or should have known of these defects. It further alleged that Lockheed had attempted to disclaim its implied warranty of merchantability in writing through a "warranty." A copy of this "warranty" was attached to the complaint as an exhibit. Its terms provided as follows:

"WARRANTY CERTIFICATE NO.

Lockheed Electronics Company, Inc. (LEC) warrants the Computing Register delivered hereunder (1) will be free from defects in material and workmanship under normal use and service; and (2) will meet applicable specifications and descriptions at the time of delivery to Buyer. For a period of one (1) year from the date of purchase, LEC will replace or repair, for the original Buyer from an authorized Factory Dealer, free of charge, any part or parts returned to said Dealer within such

one (1) year period, which are found upon examination by said Dealer to be non-conforming or defective. All transportation costs must be borne by Buyer. The foregoing shall also apply to any repaired, reworked or replaced product, part or component.

Buyer's remedies are expressly limited to LEC's obligation stated above. This warranty extends to said Buyer only. LEC shall in no case be liable to said Buyer or Buyer's customers for any incidental or consequential damages, or loss of use, or other commercial loss, however occasioned.

THIS WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS."

Additionally, it alleged that language was attached to this "warranty" which stated: "This Warranty shall be effective only providing attached card is properly filled out and returned to Lockheed Electronics Company, Inc. at time of purchase"; that plaintiff had not returned the attached card to Lockheed; and that the implied warranty of merchantability was therefore still applicable. Finally, the complaint alleged that Lockheed had breached its implied warranty of merchantability, and plaintiff had been damaged as a result of this breach. Count II realleged and incorporated by reference all allegations made against Lockheed as against Don Johns, Inc.

On September 30, 1982, defendant Lockheed moved to dismiss plaintiff's second amended complaint on the grounds that the implied warranty of merchantability had been effectively disclaimed by Lockheed; that plaintiff's complaint failed to allege breach of an implied warranty of merchantability; that plaintiff's complaint failed to allege any causal relationship between the claimed damages and any defects; and that the complaint failed to allege compliance with certain conditions precedent.

At the hearing on Lockheed's motion to dismiss the second amended complaint, the court considered Lockheed's initial argument on the existence/applicability of the disclaimer. In opposition to Lockheed's motion, plaintiff argued that the disclaimer language included in the "Warranty Certificate" drafted by Lockheed was ambiguous and should be strictly construed against its drafter, Lockheed, as an ineffective disclaimer. Further, plaintiff urged that there was no effective disclaimer of implied warranties because the written "warranty" and its "incorporated" disclaimer were expressly predicated on the return of the card attached to the "Warranty Certificate" and that the condition precedent was never satisfied since plaintiff had never

returned the card.

The trial court found that the card attached to the enclosed "Warranty Certificate" was a condition precedent, and that the intent of the parties (seller) was to sell some merchandise at a given price and to afford the purchaser an express warranty within the terms of the agreement with a condition precedent attached to that warranty that the purchaser would have to notify the seller of the date and identity of the buyer. The court found that the disclaimer was effective regardless of notification, and that the disclaimer complied with the terms of the Uniform Commercial Code. It therefore dismissed plaintiff's second amended complaint.

Plaintiff appeals from this dismissal.

OPINION

Section 2—314 of the Uniform Commercial Code creates an implied warranty of merchantability in every contract for the sales of goods where the seller is a merchant regularly engaged in the sale of goods of that kind, unless the warranty is excluded or modified. (Ill. Rev. Stat. 1981, ch. 26, par. 2—314.) This implied warranty, which arises independently and outside of the sales contract by operation of law, embraces at least the undertaking that the goods shall be reasonably suited for the ordinary purpose for which goods of that description are sold. See 1 R. Anderson, Uniform Commercial Code sec. 2—314:58 (2d ed. 1970).

In the present case, plaintiff's second amended complaint alleged a breach of the implied warranty of merchantability as against both defendants. However, manufacturer Lockheed's motion to dismiss claimed that it had effectively disclaimed the implied warranty of merchantability arising from the sale of its equipment by delivering a "Warranty Certificate" to plaintiff. The issue presented here is whether the trial court properly granted defendant Lockheed's motion to dismiss based upon an effective disclaimer of the implied warranty of merchantability.

Section 2—619(a)(9) of the Illinois Code of Civil Procedure provides for involuntary dismissal based on "other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(9).) On its face, section 2—619(a)(9) appears to be all-encompassing, but it has limits. A motion to dismiss under 2—619(a)(9) admits all well-pleaded facts; it does not admit conclusions of law, nor does it admit conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (See *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 401 N.E.2d 1235.) For this reason, the alleged "affirmative matter" must be

something more than evidence offered to refute the complaint, because such well-pleaded facts, together with all reasonable inferences, must be taken as true; the alleged affirmative matter must negate the cause of action completely or refute a crucial conclusion of law or conclusions of material facts contained in or inferred from the complaint. *Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 709-10, 425 N.E.2d 1174.

With these principles in mind, we have reviewed plaintiff's contentions on appeal, and we first consider plaintiff's claims that the disclaimer is conditional and ambiguous, rendering it ineffective.

Plaintiff contends that the "Warranty Certificate" is made conditional in its entirety by the language which conditions the warranty upon return of the card. Plaintiff argues that capitalization of "Warranty" in the conditional clause indicates the nominative case, referring to *the* "Warranty Certificate," and not referring to the descriptive term, "warranty." According to plaintiff, because the card was never returned, neither the express warranties, nor the disclaimer of implied warranties was effective. Alternatively, plaintiff argues that the language and structure of the "Warranty Certificate" are at best ambiguous, and must be construed against defendant Lockheed, the drafter of the condition and disclaimer.

Defendants respond that the plain meaning of the conditioning language, "This Warranty shall be effective only providing attached card is properly filled out and returned to Lockheed Electronics Company, Inc. at time of purchase," is to condition *only* the effectiveness of the express warranty (descriptive) contained in the "Warranty Certificate" (nominative), and not the disclaimer. Further, defendants argue that if the effectiveness of all of the terms set forth in the "Warranty Certificate" had been conditioned upon the return of the attached card, then the language of the sentence would have been "[t]his Warranty *Certificate* shall be effective only ***." Finally, they posit that the provisions requiring the return of the attached card were intended only to establish a record of the purchase date and the identity of the original purchaser, for purposes of honoring the terms of the one-year express warranty.

■ We agree with the trial court's interpretation that the disclaimer was "independent of the existence of [the] condition precedent." Section 2—316(1) of the Uniform Commercial Code provides that "[w]ords or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed *wherever reasonable as consistent with each other ***.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 26, par. 2—316(1).) This section is designed to "protect a buyer from unexpected and unbar-

gained language of disclaimer by denying effect to such language when inconsistent with language of express warranty and permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect the buyer from surprise." Ill. Ann. Stat., ch. 26, par. 2—316, Uniform Commercial Code Comment 1, at 254-55 (Smith-Hurd 1963).

We reject plaintiff's contention that the language contained in the conditional acceptance clause also refers to the disclaimer language. We perceive "[t]his Warranty shall be effective" to be clear and unambiguous, referring only to an express warranty provided by Lockheed, and not to the disclaimer of implied warranties also found on the "Warranty Certificate."

Regarding the alternative contention by plaintiff that the language and structure of the "Warranty Certificate" were at best ambiguous, we note initially that the existence of an ambiguity is a question of law for the court. (*Pioneer Trust & Savings Bank v. Lucky Stores, Inc.* (1980), 91 Ill. App. 3d 573, 575, 414 N.E.2d 1152.) "A contract is ambiguous when the language used is reasonably susceptible to more than one meaning." (*White v. White* (1978), 62 Ill. App. 3d 375, 379, 378 N.E.2d 1255.) A contract is not rendered ambiguous simply because the parties do not agree on its meaning. (*Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 839, 368 N.E.2d 1099.) "When contract terms are clear and unambiguous, they must be given their ordinary and natural meaning, and no parol or extrinsic evidence may be considered to vary the meaning of the terms." *Susmano v. Associated Internists* (1981), 97 Ill. App. 3d 215, 219, 422 N.E.2d 879.

Applying these principles to the case at bar, our review of the plain meaning of the terms of the "Warranty Certificate" reveals a clear and unambiguous disclaimer of implied warranties included within the "Warranty Certificate."

We now turn to consider the effectiveness of the disclaimer of the implied warranty of merchantability. Plaintiff contends that Lockheed's disclaimer failed to meet the strict requirements for disclaimer of the implied warranty of merchantability. We disagree.

Section 2—316 of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 2—316) permits negation of warranties, provided such limitations comply with other sections of the Act. Subsection 2 of the aforementioned statute provides:

"*** to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion

must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.' " Ill. Rev. Stat. 1981, ch. 26, par. 2—316(2).

It is abundantly clear that the disclaimer in question complied with the requirements of section 2—316(2) of the Uniform Commercial Code. There is no question that the language of the disclaimer contains the word "merchantability" and thus would comply with one portion of the requirements of section 2—316 for the disclaimer of the implied warranty of merchantability. We next consider whether the written disclaimer was "conspicuous."

Section 1—201(10) of the Uniform Commercial Code provides as follows:

"A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. *** Whether a term or clause is 'conspicuous' or not is for decision by the court." Ill. Rev. Stat. 1981, ch. 26, par. 1—201(10).

Official Code Commentary suggests that courts should test conspicuousness by asking if "attention can reasonably be expected to be called to [the term or clause]." (Ill. Ann. Stat., ch. 26, par. 1—201(10), Uniform Commercial Code Comment 10, at 48 (Smith-Hurd 1963).) Specifically, a conspicuous disclaimer ought to be set apart from the rest of the contract by larger contrasting type with attention-catching colors such as red or dark shades of black, and prominent placement. See Annot., 73 A.L.R.3d 248 (1976).

In the case at bar, we are confronted with a disclaimer which is adequately set apart from the express warranty by its own paragraph, and is in large-type capital letters. Given the configuration of the disclaimer, together with the boldface heading of the "Warranty Certificate" upon which the disclaimer is found, we believe that the trial court was justified in concluding that the disclaimer was written and positioned so that a reasonable business entity such as plaintiff could reasonably be expected to have noticed this disclaimer. (See *FMC Finance Corp. v. Murphree* (5th Cir. 1980), 632 F.2d 413, 419 (applying Illinois law).) The trial court properly found that the disclaimer in question effectively disclaimed any implied warranty of merchantability.

Finally, plaintiff argues that the disclaimer was ineffective be-

cause it was delivered along with the equipment, after the bargain had been struck. It is true that a disclaimer of implied warranties which is delivered with the goods is insufficient (*Midland Supply Co. v. Ehret Plumbing & Heating Co.* (1982), 108 Ill. App. 3d 1120, 1125, 440 N.E.2d 153; *Gideon Service Division v. Dunham-Bush, Inc.* (1980), 80 Ill. App. 3d 633, 637, 400 N.E.2d 89), but plaintiff did not raise timeliness before the court either by way of complaint, or in response to defendant's motion to dismiss. It is a well-established principle of appellate review that an issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) Plaintiff should have presented a proposed amended complaint alleging late delivery of the disclaimer in order to preserve the issue for review (see *Urfer v. Country Mutual Insurance Co.* (1978), 60 Ill. App. 3d 469, 474, 376 N.E.2d 1073; *People ex rel. Scott v. Cardet International, Inc.* (1974), 24 Ill. App. 3d 740, 748, 321 N.E.2d 386), and we will not address an issue presented for the first time to this court on appeal.

 ■ In further review, we note that both the defendants and the trial court improperly considered dismissal on grounds of an affirmative defense before determining the legal sufficiency of plaintiff's complaint. In *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, the supreme court held that the joinder of "an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated" confuses both the parties and the court. In the instant case, the defendant should have first challenged the legal sufficiency of the complaint and when, and only when, a sufficient legal cause of action had been stated should the court have entertained the motion to dismiss on an "affirmative matter" (disclaimer) which was a defense which negated the cause of action completely. However, the joinder of such motions is not grounds for reversal *per se*. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, where the court did not reverse for joinder of a motion for summary judgment and a motion to dismiss under section 2—615 (Ill. Rev. Stat. 1981, ch. 110, par. 2—615, formerly section 45 of the Civil Practice Act), but considered the issues.) Even where error is shown, a case will not be reversed absent a showing of prejudice. *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642, 450 N.E.2d 1360.

 In sum, defendants' disclaimer was an unambiguous affirmative matter, which was a defense that negated plaintiff's cause of action completely and was proper grounds for dismissal of plaintiff's second

948

amended complaint under section 2—619(a)(9). See *Bowers Manufacturing Co. v. Chicago Machine Tool Co.* (1983), 117 Ill. App. 3d 226, 453 N.E.2d 61.

The order of the trial court dismissing the complaint with prejudice is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.