SANDRA KATZ, Plaintiff-Appellant, v. AMERICAN FAMILY INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 87—0857

Opinion filed November 18, 1987.

John W. Lally, of Chicago, for appellant.

Judge & Knight, Ltd., of Park Ridge (Jay S. Judge, Joseph F. Hickey, and Elizabeth A. Brown, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion to the court:

The plaintiff, Sandra Katz, filed suit seeking a declaratory judgment against the defendant, American Family Insurance Company. Defendant's motion for summary judgment was granted and plaintiff appeals.

Plaintiff was injured while riding in a car driven by Patricia

Hoover when the car was struck by an uninsured motorist. Pursuant to an insurance contract between plaintiff and defendant, defendant paid $2,000 for medical expenses incurred by plaintiff as a result of the accident. Subsequently, plaintiff negotiated a settlement with State Farm Insurance Company, Hoover's insurer, for uninsured motorists benefits. Defendant claimed a lien of $2,000 against the proceeds from the settlement. Because of this lien State Farm issued a check payable to both plaintiff and defendant. After defendant refused to endorse the check to plaintiff, plaintiff initiated this action seeking a declaration that the defendant had no right to proceeds and requesting the court to order that defendant endorse the check. Defendant filed a motion for summary judgment alleging that the insurance contract between plaintiff and defendant contained a subrogation clause entitling defendant to recover from the State Farm settlement the amount defendant paid plaintiff under their contract. The clause in question stated:

> "If we pay under this policy, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to harm our rights.
>
> When we pay damages under this policy to a person who also collected from another the amount collected from the other shall be repaid to us to the extent of our payment."

The trial court found that this clause was unambiguous and that it applied to the uninsured motorist recovery from State Farm. Summary judgment was granted in favor of defendant.

Summary judgment should be granted only if after examining the pleadings, depositions, admissions, and affidavits on file, it can be concluded that there is no genuine issue of material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) In the present case, there were no facts in dispute, and the only issue was whether the insurance contract entered into by the parties was ambiguous. Whether a contract contains an ambiguity in the first instance is a question of law to be determined by the court. (*A. A. Conte, Inc. v. Campbell-Lowrie-Lautermilch Corp.* (1985), 132 Ill. App. 3d 325, 477 N.E.2d 30; *Bell Fuels, Inc. v. Lockheed Electronics Co.* (1985), 130 Ill. App. 3d 940, 474 N.E.2d 1312.) Thus, the issue was a proper subject for summary judgment.

In her appeal, plaintiff argues that the trial court erred in finding

that the policy unambiguously preserved defendant's subrogation rights. Plaintiff points out defendant's policy is divided into five parts and offers five types of coverage: Part I—Liability Coverage, Part II—Medical Expense Coverage, Part III—Uninsured Motorists Coverage, Part IV—Car Damage Coverage, and Part V—Emergency Road Service Coverage. Plaintiff claims that this indicates that the language in the subrogation clause stating "when we pay damages" applies only when defendant pays for car damage under Part IV. Plaintiff also argues that the use of the word "another" in the second paragraph of the clause is ambiguous and should be strictly construed against defendant. These arguments are without merit.

■■■ It is well settled that where the language of an insurance policy is ambiguous, the policy should be construed in favor of the insured. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203; *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921; *Maryland Casualty Co. v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 466 N.E.2d 1091; *Rock Island Bank v. Time Insurance Co.* (1978), 57 Ill. App. 3d 220, 372 N.E.2d 998.) However, where there is no ambiguity, there is no need for construction and the court will not ignore the plain language of the policy. (*Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 418 N.E.2d 744; *Rock Island Bank v. Time Insurance Co.* (1978), 57 Ill. App. 3d 220, 372 N.E.2d 998.) If the words of a policy can reasonably be given their plain, ordinary, and popular meaning, the provision should be applied as written. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 473 N.E.2d 872.) A court should not invent an ambiguity where in fact none exists. (*Murphy v. Peterson* (1984), 129 Ill. App. 3d 952, 473 N.E.2d 480; *Reliable Insurance Co. v. Martin* (1984), 126 Ill. App. 3d 94, 467 N.E.2d 287.) Contract language is not rendered ambiguous simply because the parties do not agree upon its meaning. *Bell Fuels, Inc. v. Lockheed Electronics Co.* (1985), 130 Ill. App. 3d 940, 474 N.E.2d 1312; *Harlem-Irving Realty, Inc. v. Alesi* (1981), 99 Ill. App. 3d 932, 425 N.E.2d 1354.

■■ In the present case, the policy clearly states that when defendant pays damages to a person who also collects from another, the amount collected shall be repaid to the defendant to the extent of its own payment. We agree with the trial court's finding that the policy language is unambiguous and because we have determined that it is unambiguous, there is no need to construe that policy or limit its application. Nor do we find it necessary to limit the term "damages" to car damage as plaintiff suggests.

The term "damages" is found in a part of the policy entitled "General Provisions," where provisions applicable to all the preceding parts are set forth. It seems likely that if that term were intended to apply only to car damage, the clause would be found in Part IV of the policy, which deals exclusively with car damage, rather than a part which is applicable to the entire policy. Further, the use of the term "damages" instead of the words "car damage" as used in Part IV indicates that there was no intention to limit the subrogation clause to payments under Part IV of the policy.

We find that the subrogation clause contained in the insurance contract between plaintiff and defendant is unambiguous and that under that clause, defendant was entitled to recover the $2,000 in medical expenses that it paid to the plaintiff, from the proceeds of the settlement entered into between plaintiff and State Farm Insurance Company.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.